## EGGLESTON v. COLLIS.

1. FILING PAPERS: NEGLECT.   In the trial of a cause in the District Court on an appeal from a justice's court, it may be shown by parol, that a written contract which was the basis of the action, was delivered to the justice by the party claiming thereunder, for the purpose of having it filed, that the justice neglected to file it, but that it was offered and received in evidence on the trial below; and upon such showing the contract may be received in evidence in the District Court.

*Appeal from Delaware District Court.*

SATURDAY, OCTOBER 6.

ACTION in a justice's court, for damages sustained by the breach of a contract in writing for the performance of certain services and labor.   A judgment was rendered for the

Eggleston v. Collis.

plaintiff, and defendant appealed to the District Court.   On the trial in the District Court the plaintiff offered in evidence the written contract which was the basis of the action. Objection was made by the defendant, on the ground that the contract had not been filed by the justice as required by law. The action of the court thereon, of which appellant complains, is fully stated in the opinion.   Judgment for the plaintiff, and the defendant appeals.

*House, Brayton & Wattson* for the appellant.

*B. W. Poor* for the appellee.

BALDWIN, J—The first error assigned is, " that the District Court erred in admission of improper, incompetent and illegal evidence." This assignment is quite comprehensive in its character, and leaves the court to ascertain what evidence is referred to.   The bill of exceptions show that the plaintiff offered in evidence a written contract which was the basis of his cause of action.   The defendant objected to its introduction in evidence, for the reason that the paper had not been marked, " filed," by the justice before whom the cause had been tried.   The plaintiff then offered to show by such justice, that the contract produced was left with him by the appellant, that it was read in evidence upon the hearing of the cause before him, all of which evidence was admitted by the court notwithstanding the objection of defendant.

Section 2286 of the Code provides, that " the original or a copy of all written instruments upon which a cause of action or set-off is founded, must be filed with the claim founded thereon." Where a justice of the peace neglects to do his duty, and mark a paper, "filed," which is left with him by a party for the purpose of complying with this section, the person leaving such paper should not be deprived of its use in the District Court on account of such negligence.   No such penalty is intended by said section.   The object of this section is to advise the opposite party of the nature of the claim against him.

The notice to defendant issued by the justice in this case advised him of the nature of the contract upon which plaintiff's claim was founded, and the justice testified, that the same contract, then offered to be read in the District Court, was offered in evidence upon the trial before him. Defendant in his answer did not deny the execution of the contract, but claimed that it had been fulfilled upon his part. We cannot see wherein the defendant was surprised or injured by this ruling of the court.

It is further claimed that the court also erred in refusing to instruct the jury that the evidence offered by plaintiff was not sufficient to prove a demand. All the evidence introduced is not before this court, but if it was we think the court properly refused to instruct the jury as to the sufficiency of such testimony.

Judgment affirmed.